UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

Nº 11-cv-2001 (JFB)

———————

JOHN GIRALDO,

Petitioner,

VERSUS

MARK L. BRADT,

Respondent.

———————

**MEMORANDUM AND ORDER**
September 5, 2012

———————

JOSEPH F. BIANCO, District Judge:

John Giraldo (hereinafter "petitioner" or "Giraldo") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in state court. Petitioner pled guilty to one count of criminal sexual act in the first degree (N.Y. Penal Law § 130.50); three counts of sexual abuse in the first degree (N.Y. Penal Law § 130.65); three counts of unlawful imprisonment in the first degree (N.Y. Penal Law § 135.10); one count of aggravated sex abuse in the second degree (N.Y. Penal Law § 130.67); three counts of attempted rape in the first degree (N.Y. Penal Law § 130.67); and three counts of assault in the second degree (N.Y. Penal Law § 120.05). Petitioner was sentenced to ten years' incarceration for criminal sexual act in the first degree, seven years' incarceration on each of the three counts of sexual abuse in the first degree, and one and one-third to four years' incarceration on each of the three counts of unlawful imprisonment in the first degree. Additionally, petitioner was sentenced to ten years' incarceration for aggravated sexual abuse in the second degree, ten years' incarceration on each of the three counts of attempted rape in the first degree, and seven years' incarceration on each of the three counts of assault in the second degree. The court recognized that certain sentences would merge with others, but ordered that the sentence of ten years for criminal sexual act in the first degree be served consecutively with the sentences for two counts of attempted rape. Thus, petitioner was sentenced to a total of thirty years' incarceration, with a period of five years' post-release supervision.

In the instant habeas petition, petitioner challenges his conviction, claiming his constitutional rights were violated because: (1) his guilty plea was not voluntary, knowing, or intelligent; (2) he was denied effective assistance of counsel; and (3) the sentence imposed violates the Eighth Amendment to the United States Constitution. (Pet.[1] at 6-10.) For the reasons discussed below, petitioner's request for a writ of habeas corpus is denied in its entirety on the merits.

I. BACKGROUND

A. Facts

The following facts are adduced from the instant petition and the underlying record.

On November 22, 2006, petitioner pled guilty to one count of criminal sexual act in the first degree (N.Y. Penal Law § 130.50); three counts of sexual abuse in the first degree (N.Y. Penal Law § 130.65); three counts of unlawful imprisonment in the first degree (N.Y. Penal Law § 135.10); one count of aggravated sex abuse in the second degree (N.Y. Penal Law § 130.67); three counts of attempted rape in the first degree (N.Y. Penal Law § 130.67); and three counts of assault in the second degree (N.Y. Penal Law § 120.05). (Plea Tr.[2] at 23-27.) Before entering his plea, Giraldo was fully advised of the nature of the charges against him and the rights he was waiving by entering a guilty plea, including the right to appeal. (*Id*. at 5-12.) Furthermore, he denied that he was subjected to any coercion, and stated that he was entering the plea of his own free will.

(*Id*. at 8.) Petitioner also stated that he was pleading guilty because he was in fact guilty. (*Id*. at 15.)

At the outset of the plea proceeding, petitioner stated under oath that he had discussed the plea with counsel. (*Id*. at 5.) He stated that he was satisfied with the representation of his attorney, and that at the time of the plea, he was not under the influence of any impairing substances. (*Id*. at 5, 8). The judge informed Giraldo that, after completing his sentence, he would be considered a sex offender. (*Id*. at 10). Additionally, the judge explained that the court would issue three orders of protection against Giraldo for each of his three victims. (*Id*. at 12.) Furthermore, before accepting petitioner's plea, the judge indicated that the sentence promised was conditional. (*Id*. at 13.) If the court was unable or unwilling to impose the agreed upon sentence, petitioner would be permitted to withdraw his guilty plea. (*Id*. at 14.) Petitioner stated that he understood these conditions. (*Id*.)

During his plea, petitioner admitted that on three separate occasions, he attacked and sexually assaulted three individual women, who were walking alone on beaches in Suffolk County. (*Id*. at 15-22.) Petitioner admitted that, on May 12, 2004, he jumped on the back of a woman with the initials D.H., covered her mouth, and knocked her to the ground. (*Id*. at 15-16.) While pressing her face into the sand and physically restraining her, petitioner sexually assaulted D.H., and caused physical injury to her face and body. (*Id*. at 17.) Petitioner further admitted that, on June 8, 2005, while wearing nothing other than a mask covering his head, he attacked a woman with the initials D.L. (*Id*. at 17-18.) After throwing D.L. to the ground, restraining her, and placing his hands inside her mouth to prevent her from screaming, petitioner

---

[1] "Pet." refers to Giraldo's petition filed in this case. Moreover, the Court cites to the page numbers assigned by ECF.
[2] "Plea Tr." refers to the transcript of petitioner's plea on November 22, 2006.

dragged her into the water and sexually assaulted her. (*Id*. at 20.) Petitioner also admitted to committing a third sexual assault on June 28, 2005. (*Id*. at 21.) Again wearing nothing but something covering his head, petitioner attacked a woman with the initials S.C., grabbed her from behind, and knocked her to the ground. (*Id*.) While restraining her on the ground and covering her mouth, petitioner sexually assaulted S.C., and ultimately caused physical injury to both her face and body. (*Id*.) After admitting to all of these facts, petitioner pled guilty to all fourteen counts of the indictment. (*Id*. at 23-27.) The court accepted petitioner's plea, and a date was set for sentencing. (*Id*. at 27-30.)

On January 11, 2007, a sentencing hearing was held. (H. 1/11/07[3] at 1-7.) After reviewing the presentence report, and holding a conference off the record with the attorneys, the judge informed petitioner that the court was unwilling to impose the agreed upon sentence of twenty years. (*Id*. at 4.) The court felt that twenty years was "not enough to answer for these crimes." (*Id*.) Therefore, the judge informed petitioner that, if petitioner chose to proceed with the guilty plea, he would be sentenced to thirty-five years in state prison. (*Id*.) However, petitioner was not required to go forward. (*Id*.) As discussed at the plea proceeding, petitioner was free to withdraw his guilty plea and exercise his right to trial. (*Id*. at 4-5.) Consequently, the court instructed petitioner to discuss the matter with his attorney. (*Id*. at 4.) He was given until the date of the next hearing, February 8, 2007, to decide if he wanted to proceed or to withdraw his plea. (*Id*. at 4-5.)

On February 8, 2007, a short hearing was held during which petitioner was given a twenty-four hour extension to decide if he wanted to withdraw his guilty plea. (H. 2/8/07[4] at 2.) At this hearing, the judge again instructed petitioner to confer with his attorney and decide whether he wanted to proceed. (*Id*.) The following day, petitioner returned to court and stated that he was willing to accept the new sentence. (S. Tr.[5] at 2.) Though a sentence of thirty-five years was discussed at the first hearing on January 11, 2007, on February 9, 2007, the People submitted to the court a recommendation for a thirty-year sentence. (*Id*. at 2-3.) Originally, all three victims requested that Giraldo receive the maximum sentence for his crimes. (*Id*. at 3.) However, speaking through the Assistant District Attorney on February 9, 2007, the victims agreed that in the interest of ending the litigation, petitioner should be sentenced to a total of thirty years in prison, with five years' post-release supervision. (*Id*. at 4-5.)

Before petitioner was sentenced, the Assistant District Attorney read four statements from the victims and family members of the victims. (*Id*. at 6-15.) Petitioner was then given the opportunity to address the court, during which time he briefly asked for forgiveness from his victims. (*Id*. at 17.) The judge then addressed petitioner's attorney to thank him for taking Giraldo's case at the court's request, and to commend him for his "outstanding representation" of the petitioner. (*Id*. at 18.)

Finally, the court imposed a total sentence of thirty years, as agreed upon by the parties. (*Id*. at 25.) For the crime of

---

[3] "H. 1/11/07" refers to the transcript of the sentencing hearing that took place on January 11, 2007.

[4] "H. 2/8/07" refers to the transcript of the sentencing hearing that took place on February 8, 2007.

[5] "S. Tr." refers to the transcript of the sentencing proceeding held on February 9, 2007.

criminal sexual act in the first degree, petitioner was sentenced to a determinate period of ten years in state prison. (*Id.* at 24.) For each of the three counts of sexual abuse in the first degree, he received seven years' incarceration. (*Id.*) For aggravated sexual abuse in the second degree, petitioner was sentenced to a period of ten years' incarceration. (*Id.* at 24-25.) For each of the three counts of attempted rape in the first degree, petitioner received ten years' incarceration, and for each of the three counts of assault in the second degree, he received a sentence of seven years' incarceration. (*Id.* at 25) Petitioner was also sentenced to a term of one and one-third to four years' incarceration for each of the three counts of unlawful imprisonment. (*Id.* at 24.)

Noting that some crimes were separate and distinct acts, while others were merged as a matter of law, the court ordered that petitioner was to serve the sentence for criminal sexual act in the first degree consecutively to all other sentences. (*Id.* at 25.) Additionally, the court ordered that the latter two counts of attempted rape in the first degree be served consecutively to one another, and consecutively to the sentence for criminal sexual act in the first degree. (*Id.*) Petitioner was thus sentenced to a total of thirty years in state prison, with five years' post-release supervision. (*Id.* at 24-25.)

B. Procedural History

Petitioner appealed his conviction to the Supreme Court, Appellate Division, Second Judicial Department, raising two grounds. *People* v. *Giraldo*, 59 A.D.3d 636, 637 (2d Dept. 2009). First, he argued that his plea was not knowingly, intelligently, and voluntarily entered because he was not aware that his sentence may be increased pursuant to Penal Law § 70.30(1)(e)(vii). (*Id.*) Second, petitioner argued that he was deprived of effective assistance of counsel because his attorney failed to make him aware of Penal Law § 70.30(1)(e)(vii). (*Id.*) The Second Department denied both of these claims. (*Id.*) With regard to the first argument, the court held that petitioner's claim was meritless because Penal Law § 70.30(1)(e)(vii) did not actually affect petitioner's sentences. (*Id.*) With regard to the second claim, the court held that petitioner's assertion that he did not receive effective assistance of counsel was "without merit." (*Id.*)

Petitioner applied for leave to appeal to the New York State Court of Appeals, but his application was denied because the court determined that "there [was] no question of law presented which ought to be reviewed by the Court of Appeals." 12 N.Y.3d 816 (2009).

On or about August 9, 2010, petitioner filed a motion to vacate his conviction and sentence claiming ineffective assistance of counsel and cruel and unusual punishment. *People* v. *Giraldo*, Ind. No. 2444-05 (N.Y. Cnty. Ct. Sept. 10, 2010.). In that application, petitioner argued that his counsel was ineffective because his counsel: (1) did not explore the inconsistencies in the victim's statements; (2) did not investigate whether the statement he gave to police was in violation of his *Miranda* rights; and (3) failed to investigate whether petitioner's sexual behavior disorder was a possible defense. (*Id.*) First, the Court noted the following: "Mr. Giraldo did not submit an affidavit from his attorney or any other documentation to support[] his contentions, he did not detail what inconsistencies exist in the victim's statement, or articulate how his *Miranda* rights were violated. He did not enclose any medical findings or analysis

of his claimed sexual disorder." Accordingly, the Court held that his application must be denied without a hearing pursuant to New York Criminal Procedure Law ("CPL") section 440.30(4)(b).

Moreover, petitioner also claimed his counsel was ineffective because he "fail[ed] to object to the court's breaching of the plea agreement." (Pet.'s 440 Br.[6] at ¶ 25.) However, because petitioner received an advantageous plea, and because he could not demonstrate that he would have received a more favorable sentence had he gone to trial, the court ruled that, "[c]ontrary to Mr. Giraldo's contention, he has received effective assistance of counsel." *People* v. *Giraldo*, Ind. No. 2444-05 (N.Y. Cnty. Ct. Sept. 10, 2010.)

In addition to the claim for ineffective assistance of counsel, petitioner argued that the sentence he received amounted to a violation of the Eighth Amendment. (*Id*.) In considering petitioner's argument, the court examined the gravity of petitioner's offense, and the threat he posed to society. (*Id*.) The court compared petitioner's sentence to sentences imposed on other defendants for similar crimes, and found that "a thirty-year sentence falls well within the limits of the Eighth Amendment." (*Id*.) The court also considered petitioner's character and the nature of his crimes, and determined that the fact that petitioner committed violent sexual attacks on three separate occasions demonstrated "a total disregard for others." (*Id.*) Consequently, the court held that petitioner's claim of cruel and unusual punishment was without merit. (*Id.*)

Petitioner sought leave to appeal to the Appellate Division, and leave was denied on March 31, 2011. *People* v. *Giraldo*, Ind. No. 2444-05, No. 2010-10789 (App. Div. Mar. 31, 2011). Petitioner did not seek leave to the Court of Appeals.

C. The Instant Petition

On April 20, 2011, petitioner moved before this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He raised three grounds in his petition. First, he argued that his guilty plea was not voluntarily, knowingly, or intelligently entered. (Pet. at 6-10.) Second, he claimed he was denied effective assistance of counsel. (*Id*.) Third, he argued that the sentence he accepted violates the Eighth Amendment to the United States Constitution. (*Id*.) Respondent filed a memorandum of law opposing the petitioner's application on July 26, 2011. On October 11, 2011, petitioner filed a reply memorandum. The Court has fully considered all submissions of the parties.

II. STANDARD OF REVIEW

To determine whether petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[6] "Pet. 440 Br." refers to petitioner's motion to vacate his conviction and sentence.

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'Clearly established Federal law'" is comprised of "'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* at 413.

AEDPA establishes a deferential standard of review: "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that, while "'some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" *Gilchrist*, 260 F.3d at 93 (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo*.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

III. DISCUSSION

A. Procedural Bar

1. Exhaustion

As a threshold matter, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida*, 549 U.S. 327, 333, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (quotation marks omitted) (alteration in original)).

However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard*, 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Duncan*, 513 U.S. At 365-66. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" *Jones v. Keane*, 329 F.3d 290, 294-95 (2d Cir. 2003) (quoting *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997)). "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Daye*, 696 F.2d at 191-92 (citing *Picard*, 404 U.S. at 276; *United States ex rel. Cleveland v. Casscles*, 479 F.2d 15, 19-20 (2d Cir. 1973)). To that end, "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id*. at 192 (footnote omitted).

2. State Procedural Requirements

Like the failure to exhaust a claim, the failure to satisfy the state's procedural requirements deprives the state courts of an opportunity to address the federal constitutional or statutory issues in a petitioner's claim. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Reyes v. Keane*, 118 F.3d 136, 140 (2d Cir. 1997) (quoting *Coleman*, 501 U.S. at 735) (additional citations and emphasis omitted). Where the petitioner "can no longer obtain state-court review of his present claims on account of his procedural default, those claims are . . . to be deemed exhausted." *DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (citing *Harris v. Reed*, 489 U.S. 255, 263 n.9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)). Therefore, for exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Keane*, 118 F.3d at 139 (quoting *Hoke*, 933 F.2d at 120).

However, "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (citing *Gray v. Netherland*, 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Coleman*, 501 U.S. at 744-51)). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal

7

habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Netherland*, 518 U.S. at 162 (citations omitted).

The procedural bar rule in the review of applications for writs of habeas corpus is based on the comity and respect that state judgments must be accorded. *See House v. Bell*, 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). Petitioner's federal claims may also be procedurally barred from habeas corpus review if they were decided at the state level on adequate and independent procedural grounds. *See Coleman*, 501 U.S. at 729-33. The purpose of this rule is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Id*. at 730-31.

Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Id*. at 750 (citations omitted). A miscarriage of justice is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

3. Application

Respondent asserts that petitioner's argument that his trial counsel was ineffective is procedurally barred from habeas review by this Court. (Resp. Br.[7] at 15.) Specifically, because the Suffolk County Court denied petitioner's motion to vacate his conviction and sentence without a hearing, respondent argues that this Court is procedurally barred from reviewing petitioner's ineffective assistance of counsel claim. The Court disagrees.

The Suffolk County Court, in considering petitioner's 440 motion, denied petitioner's motion without a hearing because petitioner failed to submit any documentation supporting his claims. *People* v. *Giraldo*, Ind. No. 2444-05 (N.Y. Cnty. Ct. Sept. 10, 2010.). In its decision, the court cited CPL Section 440.30(4)(b) and held that Giraldo's claims were "denied without a hearing." *Id*. Thus, the issue before this Court is whether denial without a hearing pursuant to CPL Section 440.30(4)(b) constitutes a procedural bar to federal habeas review. The Court finds that it does not.

Though the Second Circuit has not considered this question with respect to CPL Section 440.30(4)(b), it has examined a different section of the same statute. In *Garcia v. Portuondo*, the Second Circuit held that the denial of a motion without a hearing pursuant to CPL Section 440.30(4)(c) could not constitute a procedural bar based upon the "plain language" of the statute. 104 F. App'x 776, 779 (2d Cir. 2004).[8] The text of CPL Section 440.30(4) states:

> (4) Upon considering the merits of the motion, the court may deny it without conducting a hearing if:
>
> (a) The moving papers do not allege any ground constituting legal basis for the motion; or

---

[7] "Resp. Br." refers to the memorandum of law filed before this Court by respondent on July 26, 2011.

[8] Although this unreported decision has no precedential value, the Court finds it to be persuasive authority.

(b) The motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts . . . or

(c) An allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof[.]

(d) An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true.

N.Y. Crim Proc. Law § 440.30(4). Thus, the Second Circuit noted that, "[e]ven aside from the fact that the provision opens with an explicit reference to 'considering the merits of the motion,' subsection (c) implicitly requires a balancing of the evidence presented by the parties." *Garcia*, 104 F. App'x at 779. For these reasons, the Second Circuit held that the decision to dismiss a claim without a hearing pursuant to CPL Section 440.30(4)(c) constitutes a "judgment on the merits." *Id.* Consequently, such a decision cannot operate as "an 'independent and adequate state procedural ground,' which prevents federal habeas review[.]" *Id.* (citing *Wainwright* v. *Sykes*, 433 U.S. 72, 86-87 (1977)).

Since the *Garcia* decision, a number of courts within the Second Circuit have applied a similar analysis to CPL Section 440.30(4)(b).[9] *See Washington* v. *Cuomo*, No. 06-cv-6477 (CBA), 2009 WL 3379076, at *4 (E.D.N.Y. Oct. 19, 2009) (holding that "because section 440.30(4) applies, by its own terms, only when a trial court denies a motion to vacate upon considering the merits, it does not act as a procedural bar to a federal habeas claim" (internal quotation marks and citation omitted)); *Edwards* v. *Mazzuca*, No. 00 Civ. 2290 (RJS)(KNF), 2007 WL 2994449, at *15 (S.D.N.Y. Oct. 15, 2007) (holding that the denial of a motion pursuant to Section 440.30(4)(b) does constitute a decision on the merits); *Williams* v. *Duncan*, No. 9:03-cv-568 (LEK/RFT), 2007 WL 2177075, at *14 (N.D.N.Y. July 27, 2007) (holding that because "section 440.30(4) applies, by its own terms, only when a trial court denies a motion to vacate '[u]pon considering the merits,' a denial pursuant to CPL § 440.30(4) is a decision on the merits"); *Gonzalez-Pena* v. *Herbert*, 369 F. Supp. 2d 376, 389 (W.D.N.Y. 2005) (holding that the denial of a motion pursuant to CPL Section 440.30(4) "is a merits-based decision, not a procedural bar"). This Court agrees. Initially, because the language of Section 440.30(4) applies to both subsections (b) and (c), the plain meaning interpretation offered by the Second Circuit (with which this Court agrees) is applicable beyond just subsection (c). As noted by the Second Circuit, the plain meaning of the phrase "[u]pon considering the merits of the

---

[9] The Court is aware that other courts within this Circuit have held that a denial without a hearing pursuant to CPL 440.30(4) will act as a procedural bar to habeas review. *See, e.g.*, *Williams* v. *McGinnis*, No. 04-CV-1005 (NGG), 2006 WL 1317041, at *10 (E.D.N.Y. 2006) (holding that a denial pursuant to § 440.30(4)(b) constituted a decision based on a "state procedural default," which foreclosed petitioner from raising the claim on federal habeas review). However, as set forth *infra*, the Court does not agree and finds that a denial without a hearing is a decision on the merits.

9

motion," suggests that a court must consider the merits of the motion before dismissing it pursuant to one of the subsections. *See Garcia*, 104 F. App'x at 779. Thus, it is clear that any decision issued pursuant to Section 440.30(4) should be considered a "judgment on the merits." *Id*.

Furthermore, just as subsection (c) calls upon the court to balance the evidence presented by both parties, subsection (b) mandates that the court decide whether sworn allegations of fact "substantiat[e] or tend . . . to substantiate all the essential facts." N.Y. Crim. Proc. Law § 440.30(4)(b). Thus, the court must first decide whether the motion is based upon the existence of necessary facts, and then consider whether sworn allegations tend to, or do in fact, support the facts asserted. *Id*. Accordingly, because such a determination is necessarily a "judgment on the merits," *Garcia*, 104 F. App'x at 779, the denial of a motion pursuant to CPL Section 440.30(4)(b) cannot serve as a procedural bar to federal habeas review. Therefore, respondent's assertion that petitioner's ineffective assistance of counsel claim is procedurally barred from review by this Court is incorrect.

However, though petitioner's claim that he did not receive effective assistance of counsel is not procedurally barred, the claim has not been properly exhausted. In petitioner's brief to the Second Department, there is only one reference to a claim of ineffective assistance of counsel. (App. Br.[10] at 9.) The brief states, "[m]oreover, on its face, [Giraldo] was denied effective assistance of counsel." (*Id*.) Petitioner then cites a single New York state case, *People* v. *Kennedy*, 141 AD 2d 975, 977 (N.Y. App. Div. 1988). The brief makes no reference to any federal case or standard, and simply raises the ineffective assistance of counsel claim on state grounds.

As set forth by the Supreme Court in *Duncan*, in order for a federal habeas claim to be exhausted and subject to review by a federal court, a habeas petitioner must have raised the claim in state court, on federal grounds. 513 U.S. at 365-366. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. To alert state courts to a federal claim, a petitioner must make clear that his CLAIM is based upon federal grounds. *See Baldwin* v. *Reese*, 541 U.S. 27, 33 (2004). A prisoner cannot rely on a court to discover a federal issue from prior decisions, or assume the court will find a federal claim based on context or language. *Id*. at 32. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim federal." *Id*. at 33. If a habeas petitioner fails to do any of these things, however, he denies the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," and thus he does not exhaust his claim. *Id*. at 29 (citing *Duncan*, 513 U.S. at 365).

In *Baldwin*, petitioner Reese failed to raise his ineffective assistance of counsel claim in federal terms before a state court. 541 U.S. at 33. After Reese appealed his state-court convictions through the state court system, he brought a collateral relief proceeding in state court. (*Id*. at 29). His

---

[10] "App. Br." refers to the brief filed by petitioner before the Second Department on September 8, 2008.

10

petition in the collateral proceeding stated that "his trial counsel's conduct violated several provisions of the *Federal* Constitution. However, it did not say that his separate *appellate* 'ineffective assistance' claim violated *federal* law." *Id.* at 29-30 (internal citations omitted) (emphasis in original). He subsequently brought a federal writ of habeas corpus and, *inter alia*, claimed that his appellate counsel was ineffective. *Id.* at 30. The Supreme Court found that, in Reese's petition in the collateral proceeding, he "provide[d] no citation of any case that might have alerted the court to the alleged federal nature of the claim." *Id.* at 33. Nor did he include "a factual description supporting the claim." *Id.* Therefore, the Supreme Court held that Reese "did not properly alert the Oregon Supreme Court to the federal nature of [his] claim." *Id.* at 31. Thus, the claim had not been exhausted, and could not be subject to federal habeas review.

The facts of this case are similar to the facts in *Baldwin*. In his brief before the Second Department, Giraldo did not state his ineffective assistance of counsel claim in federal terms. (App. Br. at 9.) He did not cite federal case law for support, or set forth any factual allegations supporting the claim that might have suggested that he intended to assert a federal right. (*Id.*) Consequently, petitioner's claim of ineffective assistance of counsel has not been properly exhausted. Moreover, petitioner has failed to demonstrate any cause or prejudice for his failure to exhaust, and he has not demonstrated that a fundamental miscarriage will result from a failure to consider his claim. Therefore, this Court concludes that the claim is procedurally barred. However, as stated *infra*, assuming *arguendo* that petitioner had exhausted the claim, it would fail on the merits because it is frivolous.

B. Merits

For the reasons set forth below, the Court finds petitioner's grounds for habeas review fail on the merits and concludes that there is no basis for habeas relief.

1. Validity of Guilty Plea

Petitioner argues that his guilty plea was not knowingly, voluntary and intelligently entered. However, based on a review of the record, the Court concludes that this argument is without merit.

a. Legal Standard

The well-established standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Where a defendant is represented by counsel at the plea, and enters the plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* (citations omitted). As will be discussed in more detail *infra*, the Court determines that trial counsel's advice was well within the range of competence demanded by attorneys in criminal cases. Moreover, the Court has examined the entire circumstances of petitioner's guilty plea, and concludes that petitioner's guilty plea was knowingly, intelligently, and voluntarily entered.

The Supreme Court has held that, under the Due Process Clause of the United States Constitution, a trial court can only accept a guilty plea which is "done voluntarily, knowingly, and intelligently, with sufficient

awareness of relevant circumstances and likely consequences." *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)); *accord Godinez v. Moran*, 509 U.S. 389, 400 (1993). Normally, a guilty plea may not be collaterally attacked, since it constitutes an admission to all elements of the charged crime. *Salas v. United States*, 139 F.3d 322, 324 (2d Cir. 1998). However, a defendant may challenge a guilty plea on the grounds that it was not knowing and voluntary. *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998). A conviction which is based upon an involuntary plea of guilty is inconsistent with due process of law and is subject to collateral attack by federal habeas corpus. *McMann v. Richardson*, 397 U.S. 759, 772 (1970).

"A plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way,' and it is considered 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.'" *Manzullo v. People of New York*, No. 07 CV 744 (SJF), 2010 WL 1292302, at *5 (E.D.N.Y. Mar. 29, 2010) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)). Indeed, a "'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats, misrepresentations, or perhaps by promises that are by their nature improper.'" *Morales v. United States*, No. 08 Civ. 3901, 2009 WL 3353064, at *5 (S.D.N.Y. Oct. 20, 2009) (quoting *Bousley*, 523 U.S. at 619 (internal quotations omitted)).

b. Application

In his petition, petitioner claims that his plea was not knowingly, voluntarily, and intelligently entered. (Pet. at 6-10.) Giraldo does not indicate the grounds for this claim in his petition. In respondent's return brief, respondent assumed that petitioner raised the same grounds to this Court as he did in his direct appeal to the Appellate Division. In his reply, petitioner appears to be arguing that "[p]etitioner's answers to the court were the result of being coached by Mr. Bassett, not petitioner's free, knowing and intelligent decision." (Pet.'s Reply at 6.)[11] Therefore, in an abundance of caution, this Court examines petitioner's claim based upon the grounds he raised before the Second Department and the grounds raised in his reply.

Before the Second Department, petitioner argued that, because he was unaware that his sentence could be altered upward pursuant to Penal Law § 70.30(1)(e)(vii), his plea was not knowingly, voluntarily, and intelligently entered. *See Giraldo*, 59 A.D.3d at 637.

Penal Law § 70.30(1)(e)(vii) states, in relevant part:

> (vii) [W]here the aggregate maximum term of two or more consecutive sentences, one or more of which is a determinate sentence and one or more of which is an indeterminate sentence, and where such sentences are imposed for the conviction of three or more violent felony offenses committed prior to the time the person was imprisoned under any such sentences and one of

---

[11] Petitioner's Reply does not include page numbers. Accordingly, the Court cites to the page numbers assigned by ECF.

which is a class B violent felony offense, the following rules shall apply–

(A) if the aggregate maximum term of the determinate sentence or sentences exceeds fifty years, the defendant shall be deemed to be serving a determinate sentence of fifty years.

(B) if the aggregate maximum term of the determinate sentence or sentences is less than fifty years, the defendant shall be deemed to be serving an indeterminate sentence the maximum term of which shall be deemed to be fifty years. In such instances, the minimum sentence shall be deemed to be twenty-five years or six-sevenths of the term or aggregate maximum term of the determinate sentence or sentences, whichever is greater.

N.Y. Penal Law § 70.30(1)(e)(vii). The Second Department, in considering petitioner's claim, held that "[petitioner's] contention is without merit, because Penal Law § 70.30(1)(e)(vii) does not apply, as the consecutive terms of imprisonment imposed are all determinate terms." *Giraldo*, 59 A.D.3d at 637. This Court agrees. Since Penal Law § 70.30(1)(e)(vii) was not, and in fact could not have been, applied to petitioner's sentence, petitioner's argument is meritless. Thus, Penal Law § 70.30(1)(e)(vii) is not a basis for finding that petitioner's plea was not knowing, voluntary, and intelligent.

In addition, the record affirmatively establishes that petitioner did, in fact, enter his plea knowingly, voluntarily, and intelligently. At the plea hearing, the court asked petitioner whether he was entering the plea voluntarily, and of his own free will. (Plea Tr. at 8.) Petitioner stated that he was. (*Id*.) The court then asked whether petitioner's decision was his and his alone. (*Id*.) Petitioner stated that it was. (*Id*.) He was asked whether anyone threatened him in order to convince him to plead guilty. (*Id*.) He stated that he had not been threatened. (*Id*.) The court also asked whether petitioner was under the influence of any impairing substances at the time of the plea, and petitioner stated that he was not. (*Id*.) Furthermore, the court clearly informed petitioner of the rights he would be giving up by entering a guilty plea, including the right to appeal. (*Id*. at 6-7.) When asked whether he understood that he would be relinquishing these rights, petitioner stated that he did. (*Id*.)

Based on these answers, the court accepted petitioner's plea. (*Id*. at 27.) However, the judge advised petitioner that if the court was unable to impose the agreed upon sentence of twenty years, petitioner would be permitted to withdraw his plea. (*Id*. at 13-14.) When asked whether petitioner understood this condition, petitioner stated that he did. (*Id.* at 14.) Then, when the first sentencing hearing was held on January 11, 2007, petitioner was informed that the court would be unwilling to impose a sentence of twenty years' imprisonment. (H. 1/11/07 at 4.) Instead, the court intended to impose a sentence of thirty-five years' imprisonment. (*Id*.) As a result, the judge gave petitioner until February 8, 2007, to discuss the matter with his attorney, and decide whether he wanted to withdraw his plea. (*Id*. at 4-5.)

Several weeks later, at the pre-scheduled hearing on February 8, 2007, petitioner requested more time to decide whether he wanted to proceed. (H. 2/8/07 at 2.) In accommodation of petitioner's request, the

13

court adjourned for twenty-four hours. (*Id.*) The following day, petitioner returned to court and indicated that he had made his decision. (S. Tr. at 2.) He stated that he was willing to continue with his guilty plea, and that he would accept a sentence of thirty-five years' imprisonment. (*Id.*) Despite his willingness to proceed with his guilty plea on these terms, however, the court sentenced petitioner to only thirty years' imprisonment (*Id.* at 25.) In consideration of the victims' requests, and in order to expedite the sentencing process, the court decided to "honor [the] wishes" of the victims that petitioner receive a lesser sentence in order to end the litigation. (*Id.* at 22.) Consequently, petitioner received a sentence of only thirty years' imprisonment, despite having agreed to accept a sentence of thirty-five years' imprisonment at the start of the proceeding. (*Id.* at 2, 25.)

Therefore, the record demonstrates that petitioner's plea was entered knowingly, voluntarily, and intelligently. At the plea hearing, he stated under oath that his plea was voluntary, based on his own guilt, and made without coercion or impairment. (Plea Tr. at 8.) Subsequently, when given almost a month to decide whether to withdraw his plea, petitioner demonstrated that he "understood the consequences of his plea" when he requested a twenty-four hour extension in order to finalize his decision. *See Manzullo*, 2010 WL 1292302, at *5 (quoting *Angliker*, 848 F.2d at 1320 (2d Cir. 1988)). Indeed, petitioner was "'fully aware of the direct consequences' of [his] plea," as evidenced by the plea transcript, and the time he spent considering whether to withdraw his plea and go to trial. *See Morales*, 2009 WL 3353064, at *5 (quoting *Bousley*, 523 U.S. at 619 (internal quotations omitted)). Furthermore, petitioner agreed to accept a sentence that was five years longer than what he ultimately received. (S. Tr. at 2, 25.) In addition, to the extent petitioner argues that he was in some way coerced by his attorney to accept the plea, there is no evidence in the record, or provided by the petitioner, to support this claim. For all of these reasons, this Court finds that petitioner's plea was knowing, voluntary, and intelligent.

Additionally, this Court finds that petitioner's argument that his plea was not knowing, voluntary, or intelligent because he was not provided with effective assistance of counsel is without merit. (*See* Pet. at 6-10.) As is discussed *infra*, this Court finds that petitioner received effective assistance of counsel. Consequently, habeas relief cannot be granted on this ground.

2. Ineffective Assistance of Trial Counsel

Similar to petitioner's claim that his plea was not knowingly, voluntarily, and intelligently entered, the petition is silent as to the grounds on which petitioner claims that he was denied effective assistance of counsel. However, petitioner raised the same grounds that were raised in his 440 motion to the Suffolk County Court in his reply brief. (Reply Br. at 3-10; *see also People* v. *Giraldo*, Ind. No. 2444-05 (N.Y. Cnty. Ct. Sept. 10, 2010).) Notwithstanding the fact that this issue is unexhausted, as stated *supra*, the Court nonetheless proceeds to analyze the merits of petitioner's claim in an abundance of caution, and finds that it is patently without merit.

In his reply brief, petitioner states that he did not receive effective assistance of counsel for three reasons: (1) because his attorney convinced him to plead guilty; (2) because his attorney failed to make necessary investigations, including whether the victims' statements supported the

14

charges and whether police violated petitioner's *Miranda* rights; and (3) because his attorney failed to investigate and present evidence that petitioner was sexually abused as a child. (Reply Br. at 3-10.) As set forth *infra*, having reviewed the record, this Court concludes that petitioner's claim is patently without merit.

a. Standard

Under the standard promulgated by *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

The first prong requires a showing that counsel's performance was deficient. However, constitutionally effective counsel embraces a "wide range of professionally competent assistance," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). The performance inquiry examines the reasonableness of trial counsel's actions under all circumstances, keeping in mind that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 319 (quoting *Rompilla v. Beard*, 545 U.S. 374, 408 (2005)). In assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Id.* 417 F.3d at 319 (quoting *Strickland*, 466 U.S. at 691). "A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has reasonable justification for the decision," *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996), and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 588 (citing *Strickland*, 466 U.S. at 690-91). Moreover, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

The second prong focuses on prejudice to the petitioner. The petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, "reasonable probability" means that the errors were of a magnitude such that they "undermine[] confidence in the [proceeding's] outcome." *Pavel v. Hollins*, 261 F.3d 210, 216 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 694). "The question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry v. Poole*, 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 695). In the context of a guilty plea, in order to satisfy the "prejudice" prong, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

b.   Application

Petitioner's claim that he was denied effective assistance of counsel because his attorney advised him to plead guilty fails to satisfy the first prong of *Strickland*. It was not objectively unreasonable for petitioner's attorney to advise him to plead guilty. As indicated *supra*, petitioner was exposed to up to fifty years' imprisonment for his crimes. *See People* v. *Giraldo*, Ind. No. 2444-05 (N.Y. Cnty. Ct. Sept. 10, 2010.). (noting that "Giraldo's exposure could have been up to fifty years"). Yet, he received a total sentence of only thirty years' imprisonment. (S. Tr. at 25.) Under the standard of "heavy" deference this Court must give to judgments made by counsel, *Greiner*, 417 F.3d at 319 (quoting *Strickland*, 466 U.S. at 691), it is clear that advising petitioner to accept a guilty plea that would result in a sentence approximately twenty years less than his total exposure was not an unreasonable decision by counsel. Furthermore, as discussed *supra*, a review of the state court record in this case, including the plea and sentencing transcripts, shows that petitioner's plea was voluntary, knowing, and intelligent. Petitioner admitted to all elements of every charge, and did so after stating that his decision to plead guilty was his own, and was based on actual guilt. (Plea Tr. at 8, 15.) [12] Therefore, it is clear that petitioner's attorney did not act unreasonably under the first prong of the *Strickland* standard when he advised petitioner to plead guilty.[13]

With regard to petitioner's claim that he did not receive effective assistance of counsel because his attorney failed to investigate whether the victims' statements were consistent with the charges and whether the police violated petitioner's *Miranda* rights, this Court finds that petitioner's argument lacks merit. As stated by the Suffolk County Court, petitioner does not outline in what way the statements given by his victims do not support the charges he faced. *See People* v. *Giraldo*, Ind. No. 2444-05 (N.Y. Cnty. Ct. Sept. 1, 2010.). Nor does petitioner indicate why he believes his

---

[12] In petitioner's reply brief, petitioner states:

> Then, when the Sentencing court informed the petitioner that the offer was going to be increased from 20 to 30 years, Mr. Bassett asked the court to be allowed to speak to the petitioner. During this conversation Mr. Bassett, told the petitioner that if I do not accept the new plea offer of 30 years, that I could have been sentenced to over 50 years, and that according to Mr. Bassett, I have no chance at all to get a lighter sentence, so, as an ignorant about the judicial system, unable to speak or understand the English language,

> petitioner has no other choice but to listen and follow the advice of his lawyer, not knowing that his lawyer was not working to seek petitioner's best interest.

(Reply Br. at 4.) To the extent petitioner is arguing that his plea was not knowingly, intelligently and voluntarily entered, or that his counsel was ineffective, because petitioner does not speak English, these arguments are without merit. First, at the hearings on November 22, 2006, February 8, 2007 and February 9, 2007, an Official Spanish Interpreter was present. (Plea. Tr. at 1; H 2/8/07 at 1; S. Tr at 1.) Thus, when petitioner entered his plea, and when he did not exercise his right to withdraw his guilty plea, there was an Official Spanish Interpreter present. Moreover, as discussed *supra*, the information provided to petitioner by his counsel, that he could have been sentenced to 50 years in prison if he went to trial, and was convicted, was correct. Accordingly, petitioner cannot claim that his plea was not knowingly, intelligently and voluntarily made, nor can he argue that his counsel was ineffective because petitioner did not speak English.

[13] As further evidence that petitioner's counsel acted reasonably and in the best interests of his client, at the sentencing hearing, the court stated "Mr. Basset, the court wishes to convey its appreciation to you for the outstanding representation of your client during this case. . . . [Y]ou honored your oath, and hence this court, in the exemplary manner in which you discharged your duties as an attorney." (S. Tr. at 18.)

*Miranda* rights were violated by the police. (*Id.*) Consequently, this Court finds that no habeas relief may be granted on these grounds.

Similarly, petitioner's claim that he did not receive effective assistance of counsel because his attorney failed to investigate and present evidence that he was sexually abused as a child is without merit. In his reply brief, petitioner states that he suffers from a sexual disorder that was caused by sexual abuse he endured as a child. (Reply Br. at 5.) He contends that this disorder is what caused him to attack his victims, and that therefore, he "was not one hundred percent responsible for his abnormal, aggressive sexual behavior." (*Id.*) Consequently, he argues that, by failing to investigate and present evidence of this disorder to the court, trial counsel acted unreasonably under the *Strickland* standard. (*Id.* at 6.)

However, petitioner offers no corroboration for this claim. As stated by the Suffolk County Court in its decision denying petitioner's motion pursuant to N.Y. Crim. Proc. Law §§ 440.10, 440.20, petitioner "did not enclose any medical findings or analysis of his claimed sexual disorder." *People* v. *Giraldo*, Ind. No. 2444-05 (N.Y. Cnty. Ct. Sept. 10, 2010.). Similarly, petitioner has failed to provide corroboration in his petition or reply. As a result, petitioner has offered no counterweight to the standard of deference that this Court owes to counsel's decisions. Since "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[,]" *Greiner*, 417 F.3d at 319 (quoting *Strickland*, 466 U.S. at 691), and petitioner offers no statements or records to support his claim, habeas relief cannot be granted on these grounds.

Although petitioner's failure to demonstrate deficient performance by his attorney disposes of his ineffective assistance claim on these grounds, even assuming *arguendo* that trial counsel's performance was deficient, the alleged deficiencies in his trial counsel's performance did not result in prejudice to petitioner's case. "In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the 'cumulative weight error' in order to determine whether the prejudice 'reache[s] the constitutional threshold.'" *Somerville v. Conway*, 281 F. Supp. 2d 515, 519 (E.D.N.Y. 2003) (quoting *Lindstadt* v. *Keane*, 239 F.3d 191, 202 (2d Cir. 2001)). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For the reasons discussed *supra*, particularly the favorable plea bargain, there is no basis to conclude that absent counsel's purported deficiencies, there was a reasonable probability that petitioner would have insisted on going to trial. Accordingly, petitioner did not receive constitutionally deficient assistance of trial counsel with respect to his guilty plea.

For these reasons, petitioner's request for habeas relief on the ground of ineffective assistance of trial counsel is denied.

3. Cruel and Unusual Punishment

Petitioner argues that his total sentence of thirty years' imprisonment contravenes the Eighth Amendment's prohibition against cruel and unusual punishment. For the reasons set forth below, the Court disagrees

17

and finds no basis for habeas relief in connection with petitioner's sentence.

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, bans excessive prison terms that are "grossly disproportionate" to the crime committed. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *Ewing v. California*, 538 U.S. 11, 20-21 (2003). The "grossly disproportionate" standard, however, is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer*, 538 U.S. at 73 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)). Moreover, a sentence does not run afoul of the Eighth Amendment's prohibition of "cruel and unusual punishments" if the sentence is within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."); *see also Mendoza*, 2008 WL 3211277, at *9 (denying the Eighth Amendment claim of a drug offender sentenced to an indeterminate term because petitioner's sentence was "within the statutory limits in place at the time of his conviction and sentence").

Here, petitioner's sentence falls within the statutory range prescribed by state law at the time the crimes were committed. Petitioner pled guilty to one count of criminal sexual act in the first degree, a class "B" violent felony; three counts of sexual abuse in the first degree, a class "D" felony; three counts of unlawful imprisonment in the first degree, a class "E" felony; one count of aggravated sex abuse in the second degree, a class "C" violent felony; three counts of attempted rape in the first degree, a class "C" violent felony; and three counts of assault in the second degree, a class "D" violent felony. (Plea Tr. at 22-27.) At the time of sentencing, the statutory range for a B violent felony was between five and twenty five years' incarceration. *See* N.Y. Penal Law § 70.02. For the one count of criminal sexual act in the first degree, petitioner was sentenced to a determinate period of ten years' incarceration. (S. Tr. at 24.) For a D felony, the statutory range was between one and seven years' incarceration. *See* N.Y. Penal Law § 70.00. Petitioner was sentenced to seven years' incarceration for each of the three counts of sexual abuse in the first degree. (S. Tr. at 24.) At the time of sentencing, the statutory range for a class E felony was between one and four years' incarceration. *See* N.Y. Penal Law § 70.00. For each of the three counts of unlawful imprisonment, petitioner was sentenced to a period of one and one-third to four years' incarceration. (S. Tr. at 24.) The statutory range for a C violent felony was between three and one-half and fifteen years' imprisonment. *See* N.Y. Penal Law § 70.02. For the one count of aggravated sex abuse in the second degree, petitioner was sentenced to a period of ten years' imprisonment. (S. Tr. at 24-25.) For each of the three counts of attempted rape in the first degree, petitioner was sentenced to a period of ten years' imprisonment. (*Id.*) Finally, at the time of sentencing, the range for a D violent felony was between two and seven years' incarceration. *See* N.Y. Penal Law § 70.02. Petitioner was sentenced to seven years' incarceration for each of the three counts of assault in the second degree. (*Id.*)[14]

Accordingly, on every count to which petitioner pled guilty, he received a sentence

---

[14] Respondent argues that "Petitioner's brutal attacks on three women constituted violent, grave crimes warranting severe punishment which exposed petitioner to aggregate sentence of up to 50 years. The Collective term of 30 years does not shock society's conscience." (Resp. Br. at 22 (citing *Pressley v. Bennett*, [235 F. Supp. 2d 349], 368 (S.D.N.Y. 2003).) This Court agrees.

that was within the statutory range prescribed by state law. Thus, petitioner's sentence, at a total of thirty years' incarceration, does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.[15] As petitioner's sentence falls within the range established by state law, his claim does not present a basis for federal habeas relief.[16]

## IV. CONCLUSION

In sum, the Court concludes that petitioner's claims that his plea was not knowingly, voluntarily, and intelligently entered and that his sentence amounts to cruel and unusual punishment under the Eighth Amendment are both without merit. Furthermore, notwithstanding the fact that petitioner's claim that he received ineffective assistance of counsel has not been fully exhausted and therefore is not subject to federal habeas review, the Court concludes that the claim also fails on the merits. Therefore, the petition for a writ of habeas corpus is denied in its entirety on the merits. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 5, 2012
Central Islip, New York

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by Karla L. Lato, Suffolk County District Attorney, 200 Center Drive, Riverhead, NY 11901.

---

[15] Moreover, even if petitioner had received a sentence of thirty-five years, as the Judge initially intended to impose, petitioner's sentence would not amount to cruel and unusual punishment. (S. Tr. at 2.) The sentence would still be within the range provided by state law, and thus would not violate the Eighth Amendment protection against cruel and unusual punishment.

[16] In any event, even if the Court could review the sentence within the range prescribed by state law, the Court would find no basis to conclude that petitioner's sentence was grossly disproportionate to the crimes committed so as to violate the Eighth Amendment given the extremely violent and grave nature of his criminal activities.